PER CURIAM
*1027 *932 Appellant seeks reversal of an order committing him to the Mental Health Division for a period not to exceed 180 days. ORS 426.130. In an unpreserved assignment of error, appellant contends that the order should be reversed because the trial court plainly erred when it failed to advise him of the possible result of the proceeding as required by ORS 426.100(1). The state concedes the error, and we accept the state's concession. The court's failure to advise appellant of the information as required by ORS 426.100(1) constitutes plain error. See, e.g. , State v. M. L. R. , 256 Or. App. 566, 570-71, 303 P.3d 954 (2013) ("[The] failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review."). Further, for the reasons stated in M. L. R. -viz. , the nature of civil commitment proceedings, the gravity of the violation, the ends of justice, and the lack of harmless error-we conclude that it is appropriate to exercise our discretion to correct the error in this case. Because we reverse on that basis, we do not address appellant's other assignments of error.
Reversed.